# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERONE MCDOUGALD,  
    Plaintiff,

vs

LINNEA MAHLMAN, *et al.*,  
    Defendants.

Case No. 1:16-cv-317

Black, J.  
Bowman, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    Plaintiff has filed an initial complaint and two motions for leave to file amended complaints supplementing the initial complaint.  (Doc. 1, 2, 3).  Plaintiff's motions for leave to amend his complaint (Doc. 2, 3) are hereby **GRANTED.**  This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the initial complaint, plaintiff named as defendants Linnea Mahlman and Correctional Officer Lancaster. Plaintiff alleges that Mahlman violated his First Amendment rights by not allowing him to file a grievance. (Doc. 1, Complaint at PageID 14). He further alleges that Mahlman violated his rights by instructing Lancaster and another officer to search his cell and confiscate his informal complaints. Plaintiff claims that Mahlman and Lancaster conducted the search in retaliation for filing prior informal complaints and grievances.

On February 22, 2016 and February 26, 2016, plaintiff filed motions for leave to file an amended complaint, supplementing his initial complaint. As additional defendants, plaintiff names Brian Nolan, Sgt. Bailey, and Eugene Hunyadi. Plaintiff reiterates his claim that Mahlman violated his rights by failing to provide him with grievance forms and failing to conduct adequate investigations into his issues.

In addition, plaintiff includes allegations of deliberate indifference to his safety against

Mahlman based on her failure to respond to or address his grievances. Specifically, plaintiff alleges that on February 10, 2016, he sent Mahlman a kite concerning a retaliation and inappropriate supervision claim regarding a January 27, 2016 incident with correctional officer Grooms and a false conduct report stemming from the incident. Plaintiff alleges that Mahlman violated his Eighth Amendment rights by being deliberately indifferent to his safety by virtue of failing to investigate and/or take corrective action. (*Id.* at PageID 40). In similar fashion, plaintiff alleges that Mahlman failed to respond to an April 22, 2015 grievance informing Mahlman that C.O. Lute threatened him, a December 14, 2015 grievance concerning alleged threats made by Lt. Rogers, and December 9, 2015, January 5, 2016, and January 13, 2016 grievances alleging unreported uses of force by C.O. Hughes, Sgt. Felts, and Sgt. Bear, respectively. (*See id.* at Ex. I, J, L, N). Plaintiff claims that Mahlman either disregarded the incidents, falsified information in the grievance dispositions, and/or covered up wrongdoing. (*See id.* at PageID 40, 42, 43). Plaintiff further claims that Mahlman wrote false conduct reports against him for lying and giving false information in retaliation for filing the grievances. (*See id.* at PageID 41).

On January 19, 2016, Mahlman submitted an informal complaint resolution restriction, indicating that that plaintiff had misused the grievance process by filing thirty-four informal complaints and six grievances since November 1, 2015, in addition to filing grievances on behalf of other inmates. Mahlman restricted plaintiff's access to the grievance procedure while indicating that plaintiff would be able to pursue issues that could present a substantial risk of physical injury and that he retained unrestricted access to the kite system. (*See id.*, Ex. Q at PageID 69). Plaintiff contends that Mahlman violated his First Amendment and Due Process

4

rights in restricting his access to the grievance procedure. (*Id.* at PageID 44).

Finally, plaintiff alleges that his personal property was confiscated on December 16, 2015, including legal documents pertaining to his criminal case. (*Id.* at PageID 48). Plaintiff alleges that he informed defendants Sgt. Bailey and Unit Manager Nolan of the issue, but that he was threatened with a conduct report for lying to institutional staff in response and was not given his property until February 16, 2016. He claims that he missed a deadline as a result of the delay in obtaining his materials. (*Id.* at PageID 44).

For relief, plaintiff seeks injunctive relief and punitive damages of $250,000 against defendant Mahlman and $50,000 in punitive damages each against defendants Lancaster, Nolan, Bailey, and Hunyadi. (*Id.* at PageID 39, 40).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his First Amendment retaliation claims relating to the alleged retaliatory conduct reports and cell search against defendants Mahlman and Lancaster. *See Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2006) (finding that a prisoner adequately pleaded a retaliation claim in alleging that he was given a false conduct report in retaliation for filing a grievance); *Bell v. Johnson*, 308 F. 3d 594, 602–04 (6th Cir. 2002) (finding a retaliatory cell search adequate to state a First Amendment claim). In addition, out of an abundance of caution in light of plaintiff's allegations of numerous assaults and threats by correctional officers, plaintiff may proceed with his failure to protect claim against defendant Mahlman at this juncture.

Plaintiff's remaining claims are subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.

5

First, plaintiff's claims regarding restricted access to the grievance system do not rise to the level of a constitutional violation. Plaintiff claims that defendants Mahlman and Eugene Hunyadi violated his First and Fourteenth Amendment rights by restricting his access to the grievance process. However, there is no constitutionally protected due process right to unfettered access to prison grievance procedures. *Walker v. Mich. Dep't. of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005). To the extent that plaintiff complains about the failure of prison staff to provide him with inmate grievance forms or that the grievance procedure did not produce the correct outcome, the complaint fails to state a claim for which relief may be granted because plaintiff has no federal constitutional right to an effective prison grievance procedure. *See, e.g., Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted,* 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker,* 128 F. App'x at 445 (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.,* No. 98–3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000)). Therefore, the portion of the complaint alleging deficiencies in the prison grievance procedure should be dismissed.

Plaintiff's claims that his First Amendment rights were violated in connection with being placed on restricted access to the grievance procedure should also be dismissed. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected

6

conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell,* 250 F.3d 1032, 1037 (6th Cir. 2000); *Shehee v. Luttrell,* 199 F.3d 295, 300–301 (6th Cir. 1999). However, "[t]he Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery,* 158 F. App'x 656, 660 (6th Cir. 2005); *Walker,* 128 F. App'x at 446; *Kennedy v. Tallio,* 20 F. App'x 469, 471 (6th Cir. 2001); *Corsetti v. McGinnis,* 24 F. App'x 238, 241 (6th Cir. 2001)). The right to file institutional grievances without being subject to retaliation extends only to the filing of non-frivolous grievances and "an ordinary person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker,* 128 F. App'x at 445–46. Accordingly, petitioner has failed to state a claim upon which relief may be granted to the extent that he alleges a First Amendment violation in connection with being placed on restricted access to the grievance process.

Finally, plaintiff's claims against Bailey and Nolan regarding plaintiff's access to legal materials should be dismissed. In order to state a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation, such as the dismissal of a case, being unable to file a complaint, or missing a court imposed deadline. *Jackson v. Gill*, 92, F. App'x 171, 173 (6th Cir. 2004) (citing *Lewis v. Casey,* 518 U.S. 343, 351 (1995)). However, to meet the pleading requirements for such a claim "a plaintiff must plead a

7

case within a case, alleging the law and the facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost." *Brown v. Matausak*, 415 F. App'x 608, 612 (6th Cir. 2011).  As in *Brown*, plaintiff in this case fails to plead allegations sufficient to meet the applicable pleading requirement, including the deadline he claims to have missed or the non-frivolous nature of the claims he sought to present.  Accordingly, plaintiff's claims against Bailey and Nolan should be dismissed.

Accordingly, in sum, the undersigned concludes plaintiff may proceed with his First Amendment retaliation claim against defendants Mahlman and Lancaster based on his allegations that defendants retaliated against him for filing grievances by issuing false conduct reports and searching his cell to confiscate grievance forms.  Plaintiff may also proceed with his Eighth Amendment failure to protect claim against defendant Mahlman.

All other claims alleged by plaintiff in his complaint are subject to dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

The following causes of action alleged in the plaintiff's complaint be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court:  (1) plaintiff's claims pertaining to his restricted access to the grievance procedure and (2) plaintiff's access to the courts claim.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with the following causes of action: his First Amendment retaliation claims against defendants Mahlman and Lancaster, and his failure to protect claim against defendant Mahlman.

2. The United States Marshal shall serve a copy of the complaint, amended complaints, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon the defendants Mahlman and Lancaster as directed by plaintiff, with costs of service to be advanced by the United States.

3. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,  
    Plaintiff,

vs

LINNEA MAHLMAN, *et al.*,  
    Defendants.

Case No. 1:16-cv-317

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).