**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERONE MCDOUGALD,                              Case No. 1:16-cv-317
      Plaintiff,

                                   Black, J.
      vs                                       Bowman, M.J.

LINNEA MAHLMAN, et al.,
      Defendants.


**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's pro se motion for a temporary restraining order and motions to amend the complaint. (Docs. 29, 31, 43). Upon careful review, the undersigned finds that Plaintiff's motions are not well-taken.

Plaintiff has filed an initial complaint and two motions for leave to file amended complaints supplementing the initial complaint. (Doc. 1, 2, 3).  In the initial complaint, plaintiff named as defendants Linnea Mahlman and Correctional Officer Lancaster. Plaintiff alleges that Mahlman violated his First Amendment rights by not allowing him to file a grievance. (Doc. 1). He further alleges that Mahlman violated his rights by instructing Lancaster and another officer to search his cell and confiscate his informal complaints. Plaintiff claims that Mahlman and Lancaster conducted the search in retaliation for filing prior informal complaints and grievances.

On February 22, 2016 and February 26, 2016, plaintiff filed motions for leave to file an amended complaint, supplementing his initial complaint. As additional defendants, plaintiff names Brian Nolan, Sgt. Bailey, and Eugene Hunyadi. Plaintiff reiterates his claim that Mahlman violated his rights by failing to provide him with grievance forms and failing to conduct adequate investigations into his issues.

In addition, plaintiff included allegations of deliberate indifference to his safety against Mahlman based on her failure to respond to or address his grievances.

Upon *sua sponte* review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) the Court permitted the Plaintiff to proceed with his (1) First Amendment retaliation claims against Defendants Mahlman and Lancaster, (2) Eighth Amendment failure to protect claim versus Defendant Mahlman and (3) access to courts claim against Defendants Bailey and Nolan. This Court dismissed Plaintiff's claims pertaining to his restricted access to the grievance procedure and plaintiff's other access to the courts claim.

In all of his Complaints and Amended Complaints, Plaintiff requests declaratory relief. Plaintiff also expresses a fear that he will be assaulted, killed, or poisoned via the food served at his place of incarceration.

Plaintiff's motions will now be addressed in turn.

**II. Plaintiff's request for injunctive (Doc. 29) relief is not well-taken.**

Plaintiff's "Motion Show Cause / TRO" contends that he was retaliated against by an unnamed defendant [Alley]. Plaintiff claims that Alley wrote false conduct report and asks the court to provide an order to restrain all future retaliatory acts by SOCF. (Doc. 29). Plaintiff's motion lacks merit.

Preliminary injunctive relief is an extraordinary remedy which should be granted only if the movant caries his or her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban Cty. Gov't,* 305 F.3d 566, 573 (6th Cir.2002) (citing *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir.2000); *McPherson v. Michigan High Sch. Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) (en banc)).

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban Cty. Gov't,* 305 F.3d 566, 573 (6th Cir.2002) (citing *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir.2000); *McPherson v. Michigan High Sch. Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) (en banc)). These factors are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted).

Upon careful review, the undersigned finds that Plaintiff has failed to meet the requirements set forth for temporary injunctive relief. He has not shown a strong likelihood that he would prevail on his claims, nor has he alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result if the injunction is not issued. As noted by Defendants, plaintiff allegations, consistent through his numerous complaints and amended complaints raise a common issue – he simply desires monetary relief, raises specious claims that he is in fear for his life and desires a transfer from SOCF to another facility for incarceration.  Plaintiff's self-serving statements do not provide a factual basis or no evidence has been provided that harm will come to in the future.

In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 29) be **DENIED.**

3

### III. Plaintiff's motions to amend (Docs. 31, 43) are not well-taken

Plaintiff seeks to amend his complaint to add defendants as well as supplement and/or add new claims based on incidents allegedly occurring in December 2015. Plaintiff also seeks to add Eighth Amendment allegations of deliberate indifference to his medical needs against Defendants Keating, Andre and Nurse Hart. Additionally, he wishes to bring conspiracy claims against Mahlman and Lancaster relating to alleged violation of First Amendment rights because Mahlman directed a search of his cell, supposedly in retaliation of Plaintiff filing informal complaints. Plaintiff also requests to add allegations against Nurse Reiter for deliberate indifference to his medical needs, allegedly relating to violations of Eight and Fourteenth Amendment rights.

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc. .,* 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001).

4

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a Complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Here, Plaintiff's proposed amendments are futile because they fail to state a claim upon which relief may be granted by this Court.  Plaintiff's motions consist solely of unsupported allegations and conclusory statements.   As noted by Defendants, Plaintiff cannot prove any § 1983 civil rights violations and/or conspiracy violations allegedly committed by the Defendants. Plaintiff purports to be amending factual matters with self-serving allegations and including unnamed defendants.   Moreover, Plaintiff has been permitted to file a first and second amended complaint. Further amendments consisting of unsubstantiated allegations are not well-taken.

In sum, the undersigned finds that Plaintiff's proposed amendments would not survive a motion to dismiss because the factual allegations do not state any plausible claim for relief.   It is therefore **RECOMMENDED** that Plaintiff's motions for leave to amend (Docs. 31, 43) be **DENIED.** [1]

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] This recommendation does not prevent Plaintiff from filing a new action for claims that are not tangential to this action.   See *CareToLive v. von Eschenbach*, 525 F. Supp. 2d 952, 971 (S.D. Ohio 2007).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERONE MCDOUGALD,                                    Case No. 1:16-cv-317
       Plaintiff,

                                              Black, J.
       vs                                              Bowman, M.J.

LINNEA MAHLMAN, et al.,
Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6