# United States District Court
# Southern District of Ohio
# Western Division



FILED
RICHARD W. NAGEL
CLERK OF COURT
2017 APR 28 PM 3: 10

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

Jerone McDougald,

    Plaintiff,

v.

Linnea Mahlman, et al.

    Defendants.

Case No. 1:16cv317

Judge Timothy S. Black

Mag. Judge Stephanie K. Bowman

## REPORT AND RECOMMENDATION

This matter is currently before the Court based upon the filing of a motion for order to show cause and a motion for temporary restraining order filed by the Plaintiff on October 19, 2016. (Doc. 47). Defendants filed a timely response in opposition to the pending motion (Doc. 51) to which no reply was filed by Plaintiff.[1]

Plaintiff is alleging that he "was issued a false conduct report by [a non-party correctional officer] which resulted in plaintiff being placed in the hole and his legal documents and books and personal belongings seized... ." Plaintiff argues that this has denied him access to the Courts and prejudiced him since he is unable to respond to papers from the Court in his numerous pending legal proceedings.

Plaintiff's motion lacks merit. Preliminary injunctive relief is an extraordinary remedy which should be granted only if the movant caries his or her burden of proving

---

[1] The Court has filed a simultaneous order that addresses the pending discovery motions.

1

that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir.2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc)). In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir.2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc)). These factors are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted). Upon careful review, the undersigned finds that Plaintiff has failed to meet the requirements set forth for temporary injunctive relief. He has not shown a strong likelihood that he would prevail on his claims, nor has he alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result if the injunction is not issued. Despite Plaintiff's assertions to the contrary, a simple cursory review of the docket sheet in this case shows that Plaintiff has not been harmed as he alleges. Plaintiff has filed several motions and continues to actively litigate this case. In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore RECOMMENDED that Plaintiff's motion (Doc. 29) be DENIED.

Stephanie K. Bowman
United States Magistrate Judge

**United States District Court
Southern District of Ohio
Western Division**

| | |
|---|---|
| Jerone McDougald, | Case No. 1:16cv317 |
| Plaintiff, | Judge Timothy S. Black |
| v. | Mag. Judge Stephanie K. Bowman |
| Linnea Mahlman, et al. | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).