# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

vs

LINNEA MAHLMAN, et al.,

    Defendants.

Case No. 1:16-cv-317

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (hereinafter, "SOCF") and frequent litigant in this Court,[1] filed this civil rights action in February 2016. This matter is now before the Court on Defendants' (Mahlman, Lancaster, Bailey and Nolan) motion for summary judgment (Doc. 73) and the parties' responsive memoranda. (Docs. 94, 98). Also, the Court will address Plaintiff's recently filed (but not yet ripe) motion for leave to supplement his response (Doc. 106) and motion to proceed to judgment on Defendants' motion for summary judgement (Doc. 107) which were filed as this Report and Recommendation was being finalized.

---

[1] *See, e.g.,* Case Nos: 1:08-cv-744 (claim of excessive force during arrest); 1:16-cv-317 (First Amendment retaliation claims); 1:16-cv-497 (Eighth Amendment claims regarding use of pepper spray on multiple dates); 1:16-CV-500 (claim relating to medical care for colitis, including allegedly prescribed high calorie diet); 1:16-cv-633 (case transferred to Eastern Division, reopened as 2:16-cv-545); 1:16-cv-900 (claims regarding use of pepper spray and retaliation); 1:17-cv-72 (above-captioned case regarding involuntary blood draw); 1:17-cv-91 (alleged violation of due process rights in RIB hearing, and retaliation claim); 1:17-cv-95 (claim regarding use of pepper spray); 1:17-cv-124 (claim regarding use of pepper spray); 1:17-cv-127 (claim regarding "flood of biocontaminate" in cell); 1:17-cv-196 (retaliation claim); 1:17-cv-464 (involuntary blood draw), 1:18-cv-80 (pepper spray incident of August 7, 2017); 1:18-cv-93 (September 28, 2017 alleged attack and denial of medical treatment); 1:18-cv-135 (same September 28, 2017 incident); 2:16-cv-545 (claim regarding failure to provide kosher meals). In addition, Plaintiff previously has filed two petitions for habeas corpus: Case Nos. 1:11-cv-790; 1:16-cv-565. The undersigned recently noted in Case No. 1:16-cv-500 that Plaintiff appears to be equally litigious in state court.

1

I. **Background and Facts**[2]

Jerone[3] McDougald ("Plaintiff") brings this civil rights action under 42 U.S.C. § 1983 alleging several prison employees violated his Constitutional rights. In addition to filing his original complaint (Doc. 7), Plaintiff was permitted to file a first amended complaint (Doc. 12)[4] and a second amended complaint (Doc. 13) which is the operative pleading.

After the Court's initial screening (Docs. 6, 36) as required under the Prison Litigation Reform Act, see 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), the following three claims remain: (1) retaliation in violation of the First Amendment, (2) failure to protect in violation of the Eighth Amendment, and (3) denial of access to the courts in violation of the First Amendment.

Relevant to the remaining claims, Plaintiff alleges that defendants Mahlman and Lancaster retaliated against him for utilizing the prison grievance process and filing lawsuits in violation of the First Amendment. He alleges they did this by issuing false conduct reports against him, searching his cell to confiscate grievance forms, and refusing to provide him with new forms. (Doc. 13, p 1-5, 11). Plaintiff next asserts that Mahlman acted with deliberate indifference to his safety based on her failure "to investigate and take corrective action" in response to his complaints of excessive force and/or threatened abuse by prison staff. As such, Plaintiff asserts an Eighth Amendment

---

[2] It is unclear to the Court based upon the record presented (and is an issue that was not raised by Defendants) but it appears as if Plaintiff may not have exhausted his administrative remedies as there is no evidence that he appealed any disposition of his grievances to the Chief Inspector nor is there any evidence that Plaintiff filed any grievances directly against Mahlman to the Chief Inspector or Warden.
[3] Plaintiff has consistently referred to himself as Jerone in this Court. However, as previously noted in other cases, the Court recognizes that ODRC records list his name as Jerome.
[4] Plaintiff's first amended complaint (Doc. 12) appears only to signify that the defendants are being sued in their individual and official capacities.

2

failure to protect claim against defendant Mahlman. (Doc. 13, p 1-5). Plaintiff further alleges that his personal property was confiscated on December 16, 2015, including legal documents pertaining to his criminal case. Plaintiff alleges that he informed defendants Bailey and Nolan of the issue, but that he was threatened with a conduct report for lying to institutional staff in response and was not given his property back until February 16, 2016. He claims that he missed a deadline as a result of the delay in obtaining his materials. (See Doc. 13, p 5, 9-10).

Defendants assert that they acted reasonably under the circumstances and are therefore entitled to judgment as a matter of law. The undersigned agrees.

**II. Defendants' motion for Summary Judgment is well-taken**

*A. Standard of Review*

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 24748, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.,* 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.'" *Harris v. Adams,* 873 F.2d 929, 931 (6th Cir.1989) (quoting *Sixty Ivy Street Corp. v. Alexander,*

822 F.2d 1432, 1435 (6th Cir.1987)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Satterfield v. Tennessee,* 295 F.3d 611, 615 (6th Cir.2002); *Little Caesar Enterprises, Inc. v. OPPC, LLC,* 219 F.3d 547, 551 (6th Cir.2000).

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *St. v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989) (citing *Celotex* and *Anderson*). A principal purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex,* 477 U.S. at 323–24. The moving party need not support its motion with evidence disproving the opposing party's claims. Rather, the moving party need only point out there is an absence of evidence supporting such claims. *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir.1996) (citing *Celotex Corp.,* 477 U.S. at 325). Nor must the Court search the entire record for material issues of fact. *Street,* 886 F.2d at 1479–80. The court need only determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*B. First Amendment Claim*

To state a retaliation claim, a plaintiff must allege three elements: (1) that he was engaged in protected conduct; (2) the adverse action was taken against him that would

deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Notably, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under §1983.'" *Harbin–Bey*, 420 F.3d at 580, *quoting Gutierrez v. Lynch*, 826 F.2d1534, 1538–39 (6th Cir. 1987*); see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of a retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001)("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims"). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). Retaliation claims must include a "chronology of events from which retaliation may plausibly be inferred." *Ishaag v. Compton*, 900 F.Supp. 935 (W.D. Tenn. 1995), *quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

From what the Court can decipher from the amended complaint, Plaintiff is alleging that in retaliation for filing Informal Complaint Resolutions ("ICRs") and grievances (the protected activity), Defendants Mahlman wrote conduct reports against him for lying, gave false information and ordered Lancaster to search Plaintiff's cell (the adverse action). (See Doc. 13, p1-4).

Defendants contend Plaintiff had hoarded ICRs in his cell and was using these forms to write complaints for other inmates – in violation of institutional rules. For this reason, Mahlman directed Lancaster to search Plaintiff's cell. Blank ICRs were recovered

and returned to the ICR box in the common area of the unit. (Doc. 73-3, Def. Ex. 2, Mahlman Affid., ¶¶ 52-56; Doc. 73-8, Def. Ex. 6, Lancaster, Affid. ¶¶ 8, 9, 10). Plaintiff filed a grievance against Lancaster. Mahlman responded to the grievance by informing Plaintiff that she ordered the search and that she does not answer complaints on herself. Plaintiff's exhibit referencing the inmate grievance pamphlet (Doc. 13, p12 (third column, immediately above where Plaintiff had circled)), specifically provides that grievances about the Inspector must be filed with the Chief Inspector – not with the Inspector. (Doc. 73-3, Def. Ex. 2, Mahlman Affid., ¶¶ 57-58).

In opposing a defendant's properly supported motion for summary judgment, a plaintiff must "designate specific facts in affidavits, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his favor. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011). A plaintiff "cannot rest on the mere allegations of the pleadings." *Id.* at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment). Here, Plaintiff has provided nothing beyond conclusory assertions to rebut the evidence provided by Defendants.[5] He has provided no support that the alleged adverse action taken would deter an ordinary person from filing ICRs or grievances. In fact, it has not even deterred Plaintiff who continues to utilize the grievance

---

[5] In support of his memorandum in opposition to Defendants' motion for summary judgment, Plaintiff filed a self-serving declaration (not an affidavit) which relates only to discovery requests he claims to have been denied and which have been or should have been raised in prior motions to compel that this Court previously addressed. (Doc. 94, PageID#:700-701). In addition, he filed an unnotarized declaration of Terry Tyrone Pullen, Jr. which asserts that he observed Plaintiff's cell being searched and that Lancaster "roll[ed] up 3 to 4 informal complaints and put them in his pocket…". (Doc. 94, PageID#: 702, 704). Although Plaintiff's motion to supplement (Doc. 106) is untimely, the Court has reviewed the two self-serving declarations of Plaintiff which state that his cell was searched by Lancaster, a fact not in dispute, and that he reported an assault by prison staff on December 10, 2015 which was followed by Mahlman initiating a conduct report against him for lying – again, issues not in dispute.

6

process at SOCF and continues to file complaints in this Court. Moreover, he has provided no evidence to show that the action taken was retaliatory in nature. To the contrary, the evidence establishes that Defendants' actions were not retaliatory and, in fact, were accomplished for legitimate institutional purposes. Accordingly, Defendants are entitled to judgment as a matter of law with respect to Plaintiff's retaliation claim.

### *C. Failure to Protect*

Plaintiff contends that Mahlman violated his rights under the Eighth Amendment and acted with deliberate indifference to his safety based on her failure "to investigate and take corrective action" in response to his complaints of excessive force and/or threatened abuse by prison staff. Plaintiff claims that Mahlman either disregarded the incidents, falsified information in the grievance dispositions, and/or covered up wrongdoing. (Doc. 13, p 2-5).[6]

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Id.* at 844 (citations omitted).

---

[6] Plaintiff also takes issue with Mahlman for restricting his access to the grievance process due to his abusive of the process. Plaintiff filed 34 ICR and six grievances in under 3 months. (Doc. 13 at 5). However, this claim was dismissed through the initial screening order. See Doc. 36

7

Defendants contend that there is no general right of inmates to be protected against unsubstantiated, unreasonable claims of or unreliable threats. And regardless, Defendants contend that Mahlman and the Institutional Inspector's Office performed due diligence in investigating Plaintiff's use of force and unreported use of force claims and alleged threats made against Plaintiff. (See generally, Doc. 73-3, Aff. Mahlman). The Court agrees. The record is replete with evidence of Mahlman responding to the ICRs and grievances filed by Plaintiff. In addition, the evidence shows that Plaintiff has a history of lying about these alleged incidents of abuse and abusing the grievance process. (Doc. 73-3, Aff. Mahlman, ¶¶94-96, 122, 15-24). A pattern of abuse that he has continued in this court. (See Footnote 1).

Plaintiff has failed to show that Defendant Mahlman was aware of facts showing that Plaintiff faced a substantial risk of serious harm or that Mahlman drew such an inference. Moreover, Plaintiff has failed to show that Mahlman failed to respond to his complaints and grievances. The investigations of the alleged incidents and conduct at SOCF found no unreported use of force where that was alleged by Plaintiff and where use of force was noted it was found not to be in violative of law or rules. The record shows that Plaintiff's complaints were fully investigated by Mahlman and included a review of camera footage at the time of the alleged incidents and follow-up MERs which clearly showed Plaintiff was not telling the truth. (Doc. 73-3, Affd. Mahlman ¶¶ 85, 87-91, 108, 112-14, 129; Doc. 73-14, Def. Ex.16, MERs).

Here again, Plaintiff has failed to submit any admissible evidence to support his claim. Plaintiff's opposition to Defendants' motion for summary judgment rests entirely on unsworn declarations and complaint forms that do not offer the sufficient evidence to

8

support his claims. Thus, because Plaintiff has failed to submit any evidence which creates a genuine issue of fact as to whether Defendants' actions were reasonable under the circumstances, summary judgment should be granted to Defendants in this regard.[7]

*D. Access to Courts*

Plaintiff alleges that his personal property was confiscated on December 16, 2015, including legal documents pertaining to his criminal case. (Doc. 13). Plaintiff alleges that he informed Defendants Bailey and Nolan of the issue, but that he was threatened with a conduct report for lying to institutional staff in response and was not given his property until February 16, 2016. He claims that he missed a deadline as a result of the delay in obtaining his materials. Specifically, Plaintiff appears to assert that his property was confiscated from his cell on December 16, 2015. On January 7, 2016, Plaintiff alleges that he attempted to stop Sgt Bailey to tell him that he had a court deadline approaching and he needed his legal documents. Plaintiff further alleges that he filed an Informal Complaint with Nolan about the return of his property; yet Nolan threatened Plaintiff with a conduct report for lying to Institutional Staff. Thereafter, Plaintiff claims that on February

---

[7] Additionally, it appears as if Plaintiff is making a claim against Defendants Mahlman, Bailey, and Nolan for failure to supervise alleging that they somehow failed to take appropriate action or oversee as a supervisor other SOCF employees. Although this claim did not survive the initial screening order, in an abundance of caution, the undersigned finds such a claim fails. "To establish liability under 42 U.S.C. § 1983 against an individual defendant, a plaintiff 'must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint.'" *Six v. Beegle*, No. 2:11-cv-00698, 2012 WL 1580958 *2 (S.D. Ohio, May 4, 2012) (*quoting Tarpley v. Jefferson County Comm'rs*, No. 2:09-cv-199, 2010 WL 1253546 (S.D. Ohio Mar. 30, 2010). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" *Easley v. Nixon-Hughes*, No. C-1-06-863, 2010 WL 1170099 *3 (S.D. Ohio, Feb. 22, 2010) (*citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)*). "The supervisor is not liable for failing to supervise the offending employee unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id*. To the extent that Plaintiff's claims are based on *respondeat superior*, such claims are not cognizable in a § 1983 action and should be dismissed.

9

16, 2016, his legal documents and books were returned to his cell. According to Plaintiff, this delay impeded his access to the Court. (Doc. 13, p5, 9).

Detrimental to Plaintiff's claim, however, is the fact that he previously brought suit against ODRC in the Court of Claims based upon these very same factual allegations - a fact which Plaintiff failed to inform this Court of when he sought leave to amend his complaint. (See Docs. 73-23, 73-24, 73-25). Thus, this prior Court of Claims case constitutes a waiver of his right to sue for the same conduct in this Court under §1983. *See Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (*en banc*)*, cert denied,* 487 U.S. 1204 (1988). Furthermore, Plaintiff's *pro se* status does not remedy the waiver. Based upon Plaintiff's extensive litigation history, both here and in the Court of Claims,[8] it is clear to this Court that Plaintiff made a knowing, intelligent and voluntary decision to file his claim in the Court of Claims and accept any waiver that followed from that decision. *See Williams v. Smith*, No. 05-CV-845, 2006 U.S. Dist. LEXIS 52864, *32 (S.D. Ohio Aug. 1, 2006) *citing Kajfasz v. Haviland*, No. 01-3606, 55 Fed. Appx. 719, 721-722 (6th Cir. Jan. 15, 2003). Thus, Defendants should be granted judgment on this claim.

However, even if the waiver did not apply, the Defendants would still be entitled to judgment. In order to state a claim for denial of access to the courts in violation of the First Amendment, a prisoner must demonstrate actual prejudice to pending or contemplated litigation, such as the dismissal of a case, being unable to file a complaint,

---

[8] See Footnote 1. Also the following filed cases in Ohio's Court of Claims: *McDougald v. ODRC*, Case No.: 2016-00207; *McDougald v. ODRC*, Case No.: 2016-00208; *McDougald v. ODRC,* Case No.: 2016-00376; *McDougald v. ODRC,* Case No.: 2016-00469; *McDougald v. ODRC,* Case No.: 2016-00552; *McDougald v. ODRC,* Case No.: 2016-00607; and *McDougald v. ODRC,* Case No.: 2016-00665.

or missing a court-imposed deadline. *Jackson v. Gill*, 92, Fed.Appx. 171, 173 (6th Cir. 2004) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1995)).

Plaintiff's denial of access to court claim arises out of his criminal case in Scioto County Ohio, wherein Plaintiff was initially indicted in January 2007 and sentenced to a total term of twenty years in prison due to drug charges and having a weapon under disability. Defendants assert that the record in his criminal case establishes that Plaintiff was not prejudiced in any way. (See Doc. 73-26, Def Ex. 29, Scioto County Appeals Docket Sheet). The record establishes that Plaintiff filed his <u>fifth</u> petition for post-conviction relief on November 17, 2015, over eight and one-half years after he was sentenced. Plaintiff alleges that his documents were taken on December 16, 2015. According to the Scioto County docket sheet, Plaintiff filed a motion for leave to file a motion for a new trial and a brief in support of said motion on December 18, 2015. While his documents were allegedly being withheld, on January 19, 2016 and January 25, 2016, respectively, the state filed a motion for extension of time and a response to the petition for post-conviction relief as well as a response to the motion for a new trial. Two days later and without waiting for a reply to be filed by Plaintiff, on January 27, 2016, the Court denied Plaintiff's petition for post-conviction relief and motion for leave to file a motion for a new trial. Although Plaintiff did file a motion for extension to file a reply on January 27, 2016, the Court did not find a reply necessary as it ruled so quickly after the state's response was filed. (See Doc. 73-26, Judgment Entry dated 1/25/2016). Plaintiff timely appealed on February 22, 2016. Thus, it is clear to this Court that Plaintiff was not prejudiced in any way. As such, even if Plaintiff had not waived this claim, Defendants

are entitled to judgment as a matter of law with respect to the denial to access to courts claim.

*D. Qualified Immunity and Eleventh Amendment Immunity*

Last, Defendants assert that they are entitled to qualified immunity on claims filed against them in their individual capacities because they acted reasonably under the circumstances and Eleventh Amendment immunity in their official capacities because the state has not waived its sovereign immunity.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity not only insulates government officials from individual liability for money damages, but from the burdens and expenses of litigation and trial. *Saucier v. Katz*, 533 U.S. 194, 200–201 (2001). The doctrine of qualified immunity is intended to balance the following competing interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231,129 S. Ct. 808 (2009). Qualified immunity applies regardless of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact. *Id*.

Where a state has not waived its immunity, the Eleventh Amendment acts as a jurisdictional bar to a federal court lawsuit against a state. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997). Ohio has not waived its sovereign immunity, and Congress did not disturb the states' Eleventh

12

Amendment immunity when it passed 42 U.S.C. § 1983. *Wolfel,* 972 F.2d at 718; *Mackey v. Cleveland State Univ.*, 837 F. Supp. 1396, 1403 (N.D. Ohio 1993). The Eleventh Amendment thus precludes all suits, whether for injunctive or monetary relief, against the state and its departments. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995) (*citing Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100– 01, 79 L.Ed.2d 67 (1984)). Moreover, a suit against a state official in his or her official capacity is deemed a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, a suit against a state official in his or her official capacity is no different from a suit against the state itself, and is also barred by the Eleventh Amendment. *Id.*

Since Defendants are entitled to judgement on the merits the Court will not expand on the immunity issues other than to find that Defendants are entitled to qualified immunity as to the claims against them in their individual capacities and Eleventh Amendment immunity as to the claims against them in their official capacities.

**III. Conclusion**

For these reasons, is therefore **RECOMMENDED** that Defendants' motion for summary judgment (Doc. 73) be **GRANTED**; that Plaintiff's motion to supplement his response (Doc. 106) be **GRANTED**, despite its untimeliness; that Plaintiff's motion to proceed on judgment be **DENIED as MOOT;** and this case be **CLOSED.**

   *s/*Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,

    Plaintiff,

vs

LINNEA MAHLMAN, et al.,

    Defendants.

Case No. 1:17cv317

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).