# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD, | Case No. 1:16-cv-317 |
| Plaintiff/Appellant, | |
| | Black, J. |
| vs. | Bowman, M.J. |
| | |
| LINNEA MAHLMAN, et al., | **REPORT AND** |
| Defendants/Appellees. | **RECOMMENDATION** |

Plaintiff/appellant is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. On September 24, 2018, the Court entered a final order and judgment granting defendants' motion for summary judgment. (Docs. 113, 114). Thereafter, on October 9, 2018, and November 13, 2018, respectively, plaintiff/appellant filed a notice of appeal and motion for leave to proceed *in forma pauperis*. (Doc. 115, 117).

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to appeal an order or judgment of the district court without prepayment of fees or security therefor must submit an application and affidavit to proceed without prepayment of fees and a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the notice of appeal obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). In this case, plaintiff/appellant has failed to submit an application and affidavit to proceed without prepayment of fees form or certified copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the notice of appeal as required by the PLRA.

The Court will not enter a deficiency order in this regard, however, because under the "three strikes" provision set forth in 28 U.S.C. § 1915(g), [1] plaintiff/appellant is prohibited from obtaining pauper status on appeal in this civil action. *See* 28 U.S.C. § 1915(g). Nor has plaintiff/appellant alleged particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notices-of-appeal. (*See* Doc. 117). Plaintiff/appellant therefore does not qualify for the exception to the "three strikes" provision in § 1915(g) for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed). Allegations of past harms are insufficient to meet the exception. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (en banc).

Accordingly, plaintiff/appellant is not entitled to proceed *in forma pauperis* on appeal without paying the filing fee. It is therefore **RECOMMENDED** that plaintiff/appellant's

---

[1] As the undersigned has previously noted:

> Mr. McDougald is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26, 27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34, 35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)). The previous three dismissals for failure to state a claim upon which relief may be granted prevent Mr. McDougald from obtaining pauper status in the instant action.

*McDougald v. Salyers*, Case No. 1:18-cv-523 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Aug. 2, 2018) (Doc. 2).

motion for leave to proceed *in forma pauperis* on appeal (Doc. 117) be **DENIED** and that plaintiff/appellant be assessed the appellate filing fee and be given thirty days within which to pay it.

**IT IS SO RECOMMENDED.**

                                                 *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD,<br>　　　Plaintiff/Appellant, | Case No. 1:16-cv-317 |
| | Black, J. |
| vs. | Bowman, M.J. |
| LINNEA MAHLMAN, et al.,<br>　　　Defendants/Appellees. | |

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).